UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICKEON GENE WASHINGTON,

    Petitioner,

          CASE NO. 2:12-CV-15070
v.          JUDGE GEORGE CARAM STEEH
          MAGISTRATE JUDGE PAUL J. KOMIVES

PAUL KLEE,

    Respondent.
                                /

## REPORT AND RECOMMENDATION

I.    RECOMMENDATION: The Court should deny petitioner's application for the writ of habeas corpus and should deny petitioner a certificate of appealability.

II.    REPORT:

A.    *Procedural History*

    1.    Petitioner Mickeon Gene Washington is a state prisoner, currently confined at the Gus Harrison Correctional Facility in Adrian, Michigan.

    2.    On December 1, 2010, petitioner was convicted of possession of a firearm by a felon, MICH. COMP. LAWS § 750.224f; third degree fleeing and eluding, MICH. COMP. LAWS § 257.602a(3)(a); carrying a concealed weapon in a motor vehicle, MICH. COMP. LAWS § 750.227; and possession of a firearm during the commission of a felony, second offense, MICH. COMP. LAWS § 750.227b, following a bench trial in the Wayne County Circuit Court. On December 15, 2010, he was sentenced as a fourth habitual offender, MICH. COMP. LAWS § 769.12 to a mandatory term of five years' imprisonment on the felony-firearm conviction, and to concurrent terms of five years' probation on each of the other convictions.

3. Petitioner appealed as of right to the Michigan Court of Appeals raising, through counsel, the following claim:

> THE EVIDENCE PRODUCED AT TRIAL WAS INSUFFICIENT TO SUPPORT CONVICTION ON THE CHARGES AGAINST DEFENDANT-APPELLANT.

The court of appeals found no merit to petitioner's claim, and affirmed his convictions and sentences. *See People v. Washington*, No. 302072, 2012 WL 833249 (Mich. Ct. App. Mar. 13, 2012) (per curiam).

4. Petitioner sought leave to appeal this issue to the Michigan Supreme Court. The Supreme Court denied petitioner's application for leave to appeal in a standard order. *See People v. Washington*, 492 Mich. 856, 817 N.W.2d 63 (2012).

5. Petitioner, proceeding *pro se*, filed the instant application for a writ of habeas corpus on November 15, 2012. As grounds for the writ of habeas corpus, he raises the sufficiency of the evidence claim that he raised in the state courts.

6. Respondent filed his answer on June 11, 2013. He contends that petitioner's claim is without merit.

B.   *Factual Background Underlying Petitioner's Conviction*

Petitioner's conviction arises from a July 2010 incident in which he was pulled over by two Detroit police officers. The evidence adduced at trial was accurately summarized by the Michigan Court of Appeals:

> In July 2010, two Detroit police officers pulled over a vehicle for speeding. As the officers were issuing several traffic citations to the driver, including a citation for having an expired operator's license, one of the officers heard a clicking noise as defendant was re-entering the vehicle and then noticed a handgun lying on the ground outside the vehicle. At trial, the officer attributed the noise to the gun striking the ground after it fell from defendant's possession.[1] The officer shouted for the driver to exit the vehicle, but the driver drove away at a high speed. The officers

retrieved the gun and then gave chase in their patrol car. A short distance away, the driver exited the moving vehicle with the key still in the ignition and ran away. The officers secured the vehicle but lost track of defendant. The officers initially began to drive the vehicle to the impound lot but it stopped running after a mile or two. As they waited for a tow truck to arrive, they conducted and inventory search and discovered an unloaded magazine clip for a handgun in the car.

> [1]After indicating that he saw the gun on the ground after hearing the clicking noise, the officer testified that he observed the gun fall from the area of defendant's waist. . . .
>
> During the investigation of the driver, the officers conducted a LEIN check and searched the Department of Corrections Offender Tracking Information System. They confirmed defendant's identity as the driver, obtained a picture of defendant off the DOC's website, and learned that defendant was on parole. Six days after the traffic stop, the officers viewed a live lineup in which they picked defendant out as the driver of the vehicle and possessor of the handgun

*Washington*, 2012 WL 833249, at *1.

C.   *Standard of Review*

Because petitioner's application was filed after April 24, 1996, his petition is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996). *See Lindh v. Murphy*, 521 U.S. 320, 326-27 (1997). Amongst other amendments, the AEDPA amended the substantive standards for granting habeas relief by providing:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

"[T]he 'contrary to' and 'unreasonable application' clauses [have] independent meaning." *Williams v. Taylor*, 529 U.S. 362, 405 (2000); *see also*, *Bell v. Cone*, 535 U.S. 685, 694 (2002). "A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams*, 529 U.S. at 405-06); *see also*, *Early v. Packer*, 537 U.S. 3, 8 (2002); *Bell*, 535 U.S. at 694. "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also*, *Bell*, 535 U.S. at 694. However, "[i]n order for a federal court to find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also*, *Williams*, 529 U.S. at 409. As the Supreme Court has explained, the standard for relief under § 2254(d) "is difficult to meet, [and] that is because it was meant to be." *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011). As the Court explained, "[s]ection 2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice system,' not a substitute for ordinary error correction through appeal." *Id*. (quoting *Jackson v. Virginia*, 443 U.S. 307, 332 n.5 (1979) (Stevens, J., concurring in the judgment)). Thus, "[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification

4

that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id*. at 786-87.

By its terms, § 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with "clearly established federal law as determined by the Supreme Court." Thus, "§ 2254(d)(1) restricts the source of clearly established law to [the Supreme] Court's jurisprudence." *Williams*, 529 U.S. at 412. Further, the "phrase 'refers to the holdings, as opposed to the dicta, of [the] Court's decisions as of the time of the relevant state-court decision.' In other words, 'clearly established Federal law' under § 2254(d)(1) is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003) (citations omitted) (quoting *Williams*, 529 U.S. at 412). The relevant "clearly established law" is the law that existed at the time of the last state court decision to issue a reasoned decision on the claim, *see Greene v. Fisher*, 132 S. Ct. 38, 44-45 (2011), and in evaluating the reasonableness of that decision a federal habeas court is limited to the record that was before the state court at the time of its decision, *see Cullen v. Pinholster*, 131 S. Ct. 1388, 1398-99 (2011).

Although "clearly established Federal law as determined by the Supreme Court" is the benchmark for habeas review of a state court decision, the standard set forth in § 2254(d) "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early*, 537 U.S. at 8; *see also*, *Mitchell*, 540 U.S. at 16. Further, although the requirements of "clearly established law" are to be determined solely by the holdings of the Supreme Court, the decisions of lower federal courts are useful in assessing the reasonableness of the state court's

5

resolution of an issue. *See Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Phoenix v. Matesanz*, 233 F.3d 77, 83 n.3 (1st Cir. 2000); *Dickens v. Jones*, 203 F. Supp. 2d 354, 359 (E.D. Mich. 2002) (Tarnow, J.).

D.      *Analysis*

As grounds for the writ, petitioner raises a single claim that the evidence was insufficient to prove his guilt beyond a reasonable doubt. The Court should conclude that petitioner is not entitled to habeas relief on this claim.

      1.      *Clearly Established Law*

The Due Process Clause of the Fourteenth Amendment "protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In Re Winship*, 397 U.S. 358, 364 (1970). Under the pre-AEDPA standard for habeas review of sufficiency of the evidence challenges, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original). Reviewing courts must view the evidence, draw inferences and resolve conflicting inferences from the record in favor of the prosecution. "[I]t is the responsibility of the [factfinder]–not the [reviewing] court–to decide what conclusions should be drawn from the evidence admitted at trial." *Cavazos v. Smith*, 565 U.S. 1, ___, 132 S. Ct. 2, 4 (2011) (per curiam). The *Jackson* standard "leaves [factfinders] broad discretion in deciding what inferences to draw from the evidence presented at trial, requiring only that [the factfinder] 'draw reasonable inferences from basic facts to ultimate facts.'" *Coleman v. Johnson*, 132 S. Ct. 2060, 2064 (2012) (per curiam) (quoting *Jackson*, 443 U.S. at 319). Likewise, a reviewing

court "do[es] not make credibility determinations in evaluating the sufficiency of the evidence." *United State v. Owusu*, 199 F.3d 329, 344 (6th Cir. 2000); *see also*, *United States v. Bailey*, 444 U.S. 394, 424-25 (1980) ("It is for [jurors] and not for appellate courts to say that a particular witness spoke the truth or fabricated a cock-and-bull story."). It is the job of the factfinder, not this Court sitting on habeas review, to resolve conflicts in the evidence, and this Court must presume that the jury resolved those conflicts in favor of the prosecution. *See Jackson*, 443 U.S. at 326. As the Court has explained, "the only question under *Jackson* is whether [the finding] was so insupportable as to fall below the threshold of bare rationality." *Coleman*, 132 S. Ct. at 2065. Under the amended version of § 2254(d)(1) a federal habeas court's review is "twice-deferential." *Parker v. Matthews*, 132 S. Ct. 2148, 2152 (2012) (per curiam). A state court's decision that the evidence satisfied the deferential *Jackson* standard is itself "entitled to considerable deference under AEDPA." *Coleman*, 132 S. Ct. at 2065; *see also*, *Cavazos*, 132 S. Ct. at 4.[1]

While a challenge to the sufficiency of the evidence on an established element of an offense raises a federal constitutional claim cognizable in a habeas corpus proceeding, "[t]he applicability of the reasonable doubt standard . . . has always been dependent on how a State defines the offense that is charged in any given case." *Patterson v. New York*, 432 U.S. 197, 211 n.12 (1977); *see also*, *Jackson*, 443 U.S. at 324 n.16; *Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975). Thus, "under *Jackson*, federal courts must look to state law for 'the substantive elements of the criminal offense,' but the minimum amount of evidence that the Due Process Clause requires to prove the offense is purely a matter of federal law." *Coleman*, 132 S. Ct. at 2064 (citation omitted) (quoting *Jackson*,

---

[1] Although *Jackson* and *Coleman* involved sufficiency of the evidence reviews of jury verdicts, the same standard is applied to verdicts rendered in bench trials. *See United States v. Bronzino*, 598 F.3d 276, 278 (6th Cir. 2010).

7

443 U.S. at 324 n.16). Petitioner contends that the prosecution failed to present sufficient evidence with respect to each of the crimes for which he was convicted.

    2.    *Analysis*

Petitioner does not challenge the sufficiency of the evidence with respect to any particular elements of the charges against him. Rather, he contends that there was insufficient evidence presented to show that he was in fact the driver of the vehicle stopped by the police, and thus was the person who possessed a firearm and fled from the police. In particular, he contends that Officer Clark's testimony "was filled with errors and was contradicted by other witnesses." Pet., ¶ 4(a). The Michigan Court of Appeals rejected petitioner's claim, explaining:

> We hold that a rational trier of fact could reasonably conclude from the trial testimony that defendant was the driver of the vehicle stopped by the police officers. One of the officers was able to compare the driver's face to the photo on the expired license. That officer stated that the birth date on the driver's license matched the date given by the driver in response to the officer's question. Both officers were able to view the driver at close range for a substantial period of time. Less than a week after the traffic stop, they observed a live lineup and unequivocally identified defendant as the driver.
> Defendant claimed that someone stole his vehicle. There was conflicting testimony regarding whether the keys were left in the vehicle and where it was at the time of alleged theft. That the officers did not find any pry marks or other evidence that the vehicle had been tampered with during their investigation suggests that it was not broken into and stolen. Defendant's argument on appeal amounts to nothing more than a disagreement regarding the trial court's assessment of witness credibility. Defendant's challenges to the credibility of the prosecution witnesses and his endorsement of the credibility of the defense witnesses are beyond this Court's purview where the trial court was in a superior position to determine issues of credibility. This Court must, in considering the proofs in a light most favorable to the prosecution, avoid weighing the proofs or determining what testimony to believe.
> Viewed in a light most favorable to the prosecution, we hold that a fact finder could reasonably conclude there was sufficient evidence to support defendant's convictions. Specifically, there was sufficient evidence to allow a rational trier of fact to find beyond a reasonable doubt that defendant was the driver of the SUV.

*Washington*, 2012 WL 833249, at *2. The Court should conclude that this determination was

reasonable.

The officers positively identified petitioner as the driver of the vehicle. This testimony alone, if believed, was sufficient evidence to prove petitioner's identity as the driver beyond a reasonable doubt. As the court of appeals observed, petitioner's claim is nothing more than a challenge to the trial court's credibility findings. However, as explained above, witness credibility is solely the province of the trier of fact. A reviewing court may reverse a trier of fact's credibility determinations only where the testimony is incredible as a matter of law, "such as where it was physically impossible for the witness to observe that which he claims occurred, or impossible under the laws of nature for the occurrence to have taken place at all." *United States v. Radziszewski*, 474 F.3d 480, 485 (7th Cir. 2007) (internal quotation omitted); *accord United States v. Flores*, 572 F.3d 1254, 1263 (11th Cir. 2009); *United States v. Gadison*, 8 F.3d 186, 190 (5th Cir. 1993). Here, it was not physically impossible for the officers to have observed what they claimed to have observed, nor was their testimony contrary to the laws of nature.[2]

In short, as noted above, the *Jackson* standard does not permit "fine-grained factual parsing" of the evidence by a reviewing court, *Coleman*, 132 S. Ct. at 2064, nor does it permit this Court to reweigh the conflicts in the evidence or assess the credibility of the witnesses. The trial court, as the finder of fact, was free to draw any reasonable inferences from the evidence, and to resolve the conflicts in the evidence in favor of the prosecution. In light of the officers' testimony, the verdict was not "so insupportable as to fall below the threshold of bare rationality." *Coleman*, 132 S. Ct. at 2065. It follows that the rejection of petitioner's claim by the Michigan Court of Appeals was

---

[2] Although not necessary to the Court's resolution of this claim, I note that, as respondent argues, many of the alleged errors and inconsistencies in Officer Clark's testimony are not supported by the record. *See* Answer, at 30-31.

reasonable, and that petitioner therefore is not entitled to habeas relief on this claim.[3]

E.  *Recommendation Regarding Certificate of Appealability*

1.  *Legal Standard*

As amended by the Antiterrorism and Effective Death Penalty Act, section 2253 provides that a petitioner may not appeal a denial of an application for a writ of habeas corpus unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1). The statute further provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). As the Sixth Circuit has noted, this language represents a codification of the Supreme Court's decision in *Barefoot v. Estelle*, 463 U.S.

---

[3]Although not raised as an independent claim, in his brief petitioner also suggests that the trial judge was biased against him. To the extent petitioner is attempting to raise this argument as an independent basis for habeas relief, it is without merit. Habeas relief on the basis of judicial bias is appropriate only if "the state trial judge's behavior rendered the trial so fundamentally unfair as to violate federal due process under the United States Constitution." *Duckett v. Godinez*, 67 F.3d 734, 740 (9th Cir. 1995). As a general matter, habeas relief will be appropriate only upon a showing that the trial judge was actually biased or prejudiced against the petitioner. *See Fero v. Kerby*, 39 F.3d 1462, 1478 (10th Cir. 1994). As the Supreme Court has noted in the context of the federal recusal statute, "[t]he alleged bias and prejudice to be disqualifying must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case." *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966); *see also*, *Liteky v. United States*, 510 U.S. 540, 549-51 (1994); *Browning v. Foltz*, 837 F.2d 276, 279 (6th Cir. 1988). Although *Liteky* was decided on the basis of the federal recusal statute, it provides guidance for resolving habeas claims of judicial bias. *See Maurino*, 210 F.3d at 645; *Poland v. Stewart*, 117 F.3d 1094, 1103-04 (9th Cir. 1997). As just noted, to require recusal, "the judge's prejudice or bias must be personal or extrajudicial." *United States v. Jamieson*, 427 F.3d 394, 405 (6th Cir. 2005) (citing *United States v. Hartsel*, 199 F.3d 812, 820 (6th Cir. 1999)). "'Personal bias is prejudice that emanates from some source other than participation in the proceedings or prior contact with related cases.'" *Id.* (quoting *Youn v. Track, Inc.*, 324 F.3d 409, 423 (6th Cir. 2003). Petitioner does not point to any personal bias against petitioner derived from any extrajudicial source. Rather, he complains only of various decisions made by the trial judge in conducting the trial and of the judge's credibility determinations leading to the guilty verdict. As noted above "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555. Thus, to the extent petitioner is attempting to assert a judicial bias claim, the claim is without merit.

880 (1983), and "[t]he AEDPA thus makes no change to the general showing required to obtain a certificate[.]" *Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1073 (6th Cir. 1997); *accord Slack v. McDaniel*, 529 U.S. 473, 483 (2000). Although the statute does not define what constitutes a "substantial showing" of a denial of a constitutional right, the burden on the petitioner is obviously less than the burden for establishing entitlement to the writ; otherwise, a certificate could never issue. Rather, the courts that have considered the issue have concluded that "'[a] substantial showing requires the applicant to "demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues (in a different manner); or that the questions are adequate to deserve encouragement to proceed further."'" *Hicks v. Johnson*, 186 F.3d 634, 636 (5th Cir. 1999) (quoting *Drinkard v. Johnson*, 97 F.3d 751, 755 (5th Cir. 1996) (quoting *Barefoot*, 463 U.S. at 893 n.4)); *accord Slack*, 529 U.S. at 483-84. Although the substantive standard is the same, "[t]he new Act does, however, require that certificates of appealability, unlike the former certificates of probable cause, specify which issues are appealable." *Lyons*, 105 F.3d at 1073. (citing 28 U.S.C. § 2253(c)(3)).

Effective December 1, 2009, the newly created Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), 28 U.S.C. foll. § 2254. The rule tracks § 2253(c)(3)'s requirement that any grant of a certificate of appealability "state the specific issue or issues that satisfy the showing required by § 2253(c)(2)," Rule 11(a), but omits the requirement contained in the pre-amendment version of Federal Rule of Appellate Procedure 22(b)(1) that the court explain "why a certificate should not issue." FED. R. APP. P. 22(b)(1) (version effective prior to 2009 amendment); *see id.*, advisory

11

committee note, 2009 amendments. In light of the new Rule 11 requirement that the Court either grant or deny the certificate of appealability at the time of its final adverse order, I include a recommendation regarding the certificate of appealability issue here.

    2.    *Analysis*

If the Court accepts my recommendation regarding the merits of petitioner's claim, the Court should also conclude that petitioner is not entitled to a certificate of appealability. As explained above, petitioner's claim is based solely on a challenge to the trial court's credibility findings. Because it is clear that this court may not upset those credibility findings or reweigh the evidence, the resolution of petitioner's sufficiency of the evidence claim is not reasonably debatable. Accordingly, the Court should deny petitioner a certificate of appealability.

F.    *Conclusion*

In view of the foregoing, the Court should conclude that the state courts' resolution of petitioner's claim did not result in a decision that was contrary to, or which involved an unreasonable application of, clearly established federal law. Accordingly, the Court should deny petitioner's application for the writ of habeas corpus. If the Court accepts this recommendation, the Court should also deny petitioner a certificate of appealability.

III.    <u>NOTICE TO PARTIES REGARDING OBJECTIONS</u>:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in FED. R. CIV. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of

objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *See Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991). *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Paul J. Komives  
PAUL J. KOMIVES  
UNITED STATES MAGISTRATE JUDGE

Dated: July 31, 2013

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on July 31, 2013.

s/Jane Johnson  
Deputy Clerk